UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Shaul Hanuka,

Plaintiff,

-v-

The City of New York; New York City Police
Department ("NYPD")  Police Officer ("P.O.")
Robert Hesterhagen, Shield No. 7727, and P.O. John
Doe, in their individual capacities,

Defendants.
---------------------------------------------------------------x

**COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

Index No. 16-CV-5231

Plaintiff, Shaul Hanuka, by his attorney David B. Rankin for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1.      This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of New York State.

2.      Plaintiff Shaul Hanuka's ("Mr. Hanuka") rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause.   By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3.      Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6.     An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7.     In accordance with the requirements of New York General Municipal Law § 50-e, Mr. Hanuka filed a timely Notice of Claim with the New York City Comptroller on or about February 15, 2016. Thus, this Court has supplemental jurisdiction over Mr. Hanuka's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8.     Mr. Hanuka's claims have not been adjusted by the New York City Comptroller's Office.

## JURY DEMAND

9.     Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

10.    Plaintiff Mr. Saul Hanuka is, and was at all times relevant to this action, a resident of the County of Richmond in the State of New York.

11.    Defendant the City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.   It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.   Defendant City assumes the risks incidental to the maintenance of a police force

and police officers as said risks attach to the public consumers of the services provided by the NYPD.

12.   NYPD Police Officer ("P.O.") Robert Hesterhagen, Shield No. 7727 ("P.O. Hesterhagen"), and P.O. John Doe ("Doe") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

13.   The individual defendants are being sued herein in their individual capacities.

14.   At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

15.   The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

16.   At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

17.   The true name and shield number of defendant P.O. John Doe is not currently known to the plaintiff.[1]  However, he was an employee or agent of the NYPD on the date of the incident. Accordingly, he is entitled to representation in this action by the New York City Law

---

[1]      By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as a defendant in an amended pleading once the true name and shield number of said defendant becomes known and (b) that the Law Department should immediately begin preparing his defense in this action.

## STATEMENT OF FACTS

18. Mr. Hanuka was unlawfully arrested by P.O. Hesterhagen and P.O. Doe shortly before 10:30 pm on December 8th of 2015 at 19 Gadsen Place in the County of Richmond in the State of New York.

19. Mr. Hanuka was near an automobile.

20. The individual defendants searched the automobile and found needles in a closed package which were for another individual's insulin injections.

21. This was explained to the individual defendants.

22. Mr. Hanuka was arrested.

23. Defendant P.O. Hesterhagen falsely swore Mr. Hanuka possessed those needles and that those needles contained heroin.

24. Mr. Hanuka was charged with criminal possession of a controlled substance in the seventh degree, P.L. § 220.03.

25. The charges were based upon the false statements of P.O. Hesterhagen.

26. Bail was set and Mr. Hanuka was sent to Rikers Island.

27. On January 7, 2016, the charges against Mr. Hanuka were dismissed on the prosecutor's motion as they could not prove their case beyond a reasonable doubt.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

28.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29.     By their conduct and actions in falsely arresting plaintiff, fabricating evidence, abusing criminal process, maliciously prosecuting, and by failing to intercede to prevent the complained of conduct, defendants P.O. Hesterhagen and P.O. Doe, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE City OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

31.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.     At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33.     At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and

failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

34.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
**<u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>**
**(*Against all defendants*)**

36.     Mr. Hanuka incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     By the actions described above, individual defendants caused to be falsely arrested or falsely arrested Mr. Hanuka, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Hanuka and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38.     The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or

invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Hanuka pursuant to the state common law doctrine of *respondeat superior*.

39.     As a result of the foregoing, Mr. Hanuka was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**FOURTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

40.     Mr. Hanuka incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41.     By the actions described above the individual defendants did inflict assault and battery upon Mr. Hanuka. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to Mr. Hanuka and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42.     The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Hanuka pursuant to the state common law doctrine of *respondeat superior*.

43.     As a result of the foregoing, Mr. Hanuka suffered emotional distress, humiliation, and was otherwise damaged and injured.

///


///

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

44.     Mr. Hanuka incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45.     By the actions described above (including but not limited to P.O. Hesterhagen forwarding false information to fellow police officers and officials of the District Attorney's Office), the individual defendants caused a criminal proceeding to be initiated against Mr. Hanuka, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish Mr. Hanuka for illegitimate reasons and to cover for the individual defendants' misdeeds. The criminal case against Mr. Hanuka was terminated in his favor in that all charges were dismissed.

46.     The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Hanuka pursuant to the state common law doctrine of *respondeat superior*.

47.     As a result of the foregoing, Mr. Hanuka was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.


///


///


8

**SIXTH CLAIM FOR RELIEF**
**ABUSE OF PROCESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

48.     Mr. Hanuka incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49.     By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against Mr. Hanuka compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm Mr. Hanuka without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to Mr. Hanuka, including but not limited to covering for their own misdeeds by causing Mr. Hanuka to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Hanuka and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50.     The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Hanuka pursuant to the state common law doctrine of *respondeat superior*.

51.     As a result of the foregoing, Mr. Hanuka was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

9

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, SCREENING, SUPERVISION, AND RETENTION
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (Defendant the City of New York)

52.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53.    Defendant the City of New York negligently hired, screened, retained, supervised, and trained the individual defendants.

54.    The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.    That he be awarded punitive damages against the individual defendants; and

c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court may seem just and proper.

Dated:        September 19, 2016
              New York, New York

                                        Respectfully submitted,


                              By:       _____
                                        David B. Rankin
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507
                                        e: David@DRMTLaw.com

10