UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

Shaul Hanuka,

                                               Plaintiff,

               -against-

The City of New York, Police Officer Robert Hesterhagen, and Police Officer Daniel Golat,

                                             Defendants.
-------------------------------------------------------------------------- x

**STIPULATION AND ORDER OF DISMISSAL**

16 CV 5231 (FB) (RER)

**WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, that

    1.    The above-referenced action is hereby dismissed with prejudice; and



2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
       2/8         , 2018

BELDOCK LEVINE & HOFFMAN LLP
*Attorneys for Plaintiff*
99 Park Avenue, PH/26th Fl.
New York, New York 10016
(212) 490-0400

By: _____
    Gillian Cassell-Stiga
    *Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York,
Hesterhagen, and Golat*
100 Church Street
New York, New York 10007

By: _____
    Richard Bahrenburg
    *Assistant Corporation Counsel*

SO ORDERED:

_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

Dated: _____, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

Shaul Hanuka,

                                                      Plaintiff,

-against-

The City of New York, Police Officer Robert Hesterhagen,
and Police Officer Daniel Golat,

                                                    Defendants.
-------------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

16 CV 5231 (FB) (RER)

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 20, 2016, and an amended complaint on or about May 30, 2017, alleging that the defendants violated plaintiff's federal civil and state law rights; and

      **WHEREAS,** defendants City of New York, Officer Robert Hesterhagen, and Officer Daniel Golat have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Shaul Hanuka the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, Officer Hesterhagen and Officer Golat; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not

be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
2/8, 2018

BELDOCK LEVINE & HOFFMAN LLP
*Attorneys for Plaintiff*
99 Park Avenue, PH/26th Fl.
New York, New York 10016
(212) 490-0400

By: _____
Gillian Cassell-Stiga
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Hesterhagen, and Golat*
100 Church Street
New York, New York 10007

By: _____
Richard Bahrenburg
*Assistant Corporation Counsel*

3

## GENERAL RELEASE

KNOW THAT I, SHAUL HANUKA, date of birth ▮▮▮▮▮, Social Security No. ▮▮▮▮▮ plaintiff in the action entitled <u>Shaul Hanuka v. City of New York, et al.</u>, 16 CV 5231 (FB) (RER), as "RELEASOR," in consideration of the payment of Twelve Thousand Five Hundred ($12,500.00) DOLLARS to me by the City of New York, do hereby release and discharge defendants City of New York, Officer Hesterhagen and Officer Golat, their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees.

**IN FURTHER CONSIDERATION** of the payment set forth above, RELEASOR hereby waives, releases and forever discharges RELEASEES from any and all claims, known or unknown, past and/or future conditional payments, arising out of the RELEASOR'S Medicare eligibility and receipt of Medicare benefits related to the claimed injury in this matter and/or arising out of the provision of primary payment (or appropriate reimbursement) including causes of action pursuant to 42 U.S.C. §1395y(b)(3)A of the Medicare, Medicaid and SCHIP Extension Act of 2007.

**THIS RELEASE MAY NOT BE CHANGED ORALLY. THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release this ___ day of ___, 2018.

_____
Shaul Hanuka

STATE OF NY, COUNTY OF Bronx SS.:

On January 25, 2018 before me personally came Shaul Hanuka to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that she/he executed the same.

_____
NOTARY PUBLIC

NADINE GRIFFIN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01GR6331585
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 10/13/2019